IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Nathaniel Cooper, | ) | C/A No. 3:17-3205-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER REGARDING** |
| | ) | **AMENDMENT OF COMPLAINT** |
| The State of South Carolina; The State of | ) | |
| North Carolina; Lyman Patents; Megan E. | ) | |
| Lyman; Time Warner Cable; Experian Credit | ) | |
| Bureau; Equifax Credit Bureau; TransUnion | ) | |
| Credit Bureau; Credit One Bank; Galleria Club | ) | |
| Lane Apartment; Any person, company or | ) | |
| corporation around the World, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Nathaniel Cooper, proceeding *pro se*, brings this action against the defendants.
This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)
(D.S.C.). Having reviewed the Complaint in accordance with applicable law, the court finds this
action is subject to summary dismissal if Plaintiff does not amend the Complaint.

I.      **Factual and Procedural Background**

Initially, the court notes the Complaint lacks factual coherence. Plaintiff indicates the court
has jurisdiction over this matter because the constitutions of the United States, South Carolina, and
North Carolina are at issue here, as well as various federal statutes including the Fair Credit
Reporting Act. He provides lists of ways in which his rights have been violated, but they are mostly
lists of constitutional and statutory provisions and other quasi-legal terms and phrases, without

accompanying facts.[1]  (Compl., ECF No. 1 at 5.)  Plaintiff also references a patent that he claims was issued by the United States Patent Office on May 2, 2017.  He claims the "patent delay and interference" has caused a delay in the mass production of a product that could impact the "opioid problem."  (Id. at 8.)  He claims Defendant Megan E. Lyman interfered with his "communication media sources" and failed to respond to his requests for material.  (Id.)  Plaintiff also claims Defendants Experian Credit Bureau, Equifax Credit Bureau, and TransUnion Credit Bureau made an error on his credit report that has damaged his credit and he seeks to raise a Fair Credit Reporting Act claim.  He seeks damages and restraining orders to keep "all offenders" from his family and property.

## II.    Discussion

### A.    Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint.  The court possesses the inherent authority to review a *pro se* complaint to ensure that subject matter jurisdiction exists and that a case is not frivolous, even if the complaint is not subject to the prescreening provisions of 28 U.S.C. § 1915.  See Mallard v. U.S. Dist. Court, 490 U.S. 296, 307-08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); Ross v. Baron, 493 F. App'x 405, 406 (4th Cir. 2012) (unpublished) ("[F]rivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid . . . [and] because a court lacks subject matter jurisdiction over an

---

[1] He also provides a list of harms endured by "other named plaintiff" but no other plaintiffs are evidently named in the Complaint.  (Compl., ECF No. 1 at 5-6.)



obviously frivolous complaint, dismissal prior to service of process is permitted.") (citations

omitted); see also Fitzgerald v. First E. Seventh Street Tenants Corp., 221 F.3d 362, 364 (2d Cir.

2000) ("[D]istrict courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has

paid the required filing fee[.]"); Ricketts v. Midwest Nat'l Bank, 874 F.2d 1177, 1181 (7th Cir.

1989) ("[A] district court's obligation to review its own jurisdiction is a matter that must be raised

*sua sponte*, and it exists independent of the 'defenses' a party might either make or waive under the

Federal Rules."); Franklin v. State of Or., State Welfare Div., 662 F.2d 1337, 1342 (9th Cir. 1981)

(providing a judge may dismiss an action *sua sponte* for lack of subject matter jurisdiction without

issuing a summons or following other procedural requirements).

     This court is required to liberally construe *pro se* complaints, which are held to a less

stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King

v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal

construction does not mean that the court can ignore a clear failure in the pleading to allege facts

which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901

F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading

requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

    **B.    Analysis**

     In the Complaint, Plaintiff lists numerous legal terms and constitutional and statutory

provisions that do not form a coherent legal claim for relief. In light of the court's duty to liberally

construe *pro se* pleadings, the court construes the Complaint to attempt to state a claim for patent

infringement, and separately, for a violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et

seq. However, the court finds that Plaintiff fails to include sufficient factual matter in the Complaint

to demonstrate that Plaintiff's patent infringement and Fair Credit Report Act claims are not frivolous.

A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), claims may be dismissed *sua sponte* if they are based on either "indisputably meritless legal theory," McLean, 566 F.3d at 399 (citing Neitzke v. Williams, 490 U.S. 319, 327 (1989)); or if the facts supporting the claim "rise to the level of the irrational or wholly incredible," Denton, 504 U.S. at 33. "The word 'frivolous' is inherently elastic and 'not susceptible to categorical definition.' " Nagy v. FMC Butner, 376 F.3d 252, 256 (4th Cir. 2004) (citing Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994)). "The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Id. at 257.

Moreover, a plaintiff must allege facts essential to show jurisdiction in his pleadings. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); see also Dracos v. Hellenic Lines, Ltd., 762 F.2d 348, 350 (4th Cir. 1985) ("[P]laintiffs must affirmatively plead the jurisdiction of the federal court."). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]" Conclusory statements without supporting facts or citation to specific legal precedent establishing a cause of action they seek to pursue fails to adequately establish federal question jurisdiction under Rule 8. See Burgess v. Charlottesville Sav. & Loan Ass'n, 477 F.2d 40, 43-44 (4th Cir. 1973) ("[T]he mere assertion in a pleading that the case is one involving the construction or application of the federal laws does not authorize the District Court to entertain the suit[,] nor does federal jurisdiction attach on the bare assertion that a federal right or law has been infringed or violated or

that the suit takes its origin in the laws of the United States.") (internal citations and quotation marks omitted).

Here, Plaintiff fails to provide any rational facts that would support his conclusory claims, to the extent the Complaint can even be read to state a cognizable claim for relief. For instance, while Plaintiff states he seeks damages and restraining orders, he does not explain from whom he seeks damages or against whom he seeks restraining orders. Plaintiff also fails to provide facts that would explain why many of the defendants named in the caption of the Complaint are considered parties to this case. Plaintiff provides no substantive facts about Defendants South Carolina, North Carolina, Lyman Patents, Time Warner Cable, Credit One Bank, or Galleria Club Lane Apartment that would implicate them in any cause of action listed in the Complaint. Even where Plaintiff provides some facts about a defendant, such as his assertion that the credit bureaus provided false information about his credit, he fails to provide basic facts about the defendants that could show he has a plausible and credible claim against those defendants. Or, where Plaintiff alleges he owns a patent that has been infringed upon, he does not allege that any of the named defendants violated his patent. Thus, Plaintiff's irrational and incomplete factual assertions render his claims for relief frivolous.

Further, Plaintiff's Complaint appears to raise claims about incidents and defendants that have no relation to one another. Generally, a plaintiff may not bring unrelated claims against various, unrelated parties in one lawsuit. See Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."); see also Fed. R. Civ. P. 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011) (providing that where a plaintiff fails to observe the requirements of Federal Rule of Civil Procedure

20(a)(2) with respect to joinder of parties, unrelated claims against different defendants belong in separate lawsuits, and the action may be severed into separate lawsuits). If Plaintiff fails to provide facts that would show that all of the named defendants in this matter bear some relation to one another or to the claims raised against them, the court may *sua sponte* sever some of the claims and parties from this matter.

Consequently, Plaintiff's Complaint is subject to summary dismissal because it is frivolous. The undersigned is giving Plaintiff **twenty-one (21) days** from the date this order is entered (plus three days for mail time) to file an **amended complaint** pursuant to Federal Rule of Civil Procedure 15(a) that corrects the deficiencies identified above. If Plaintiff fails to file an amended complaint that corrects those deficiencies, the undersigned will recommend the action be summarily dismissed by the assigned district judge.

**IT IS SO ORDERED**.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

December 14, 2017
Columbia, South Carolina