IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Nathaniel Cooper,<br><br>             Plaintiff,<br><br>v.<br><br>The State of South Carolina; The State of North Carolina; Time Warner Cable; Galleria Club Lane Apartment; United States Government,<br><br>             Defendants. | C/A No. 3:17-3205-CMC-PJG<br><br>**ORDER AND<br>REPORT AND RECOMMENDATION** |

The plaintiff, Nathaniel Cooper, proceeding *pro se*, brings this civil action. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Amended Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed without prejudice and issuance and service of process, and that Plaintiff's motion to amend his pleading should be denied.

**I.      Factual and Procedural Background**

Plaintiff filed his first Complaint in this action on November 28, 2017. In his original complaint, Plaintiff indicated the court had jurisdiction over this matter because the constitutions of the United States, South Carolina, and North Carolina are at issue, as well as various federal statutes including the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. He provided lists of ways in which his rights have been violated, but they are mostly lists of constitutional and statutory provisions and other quasi-legal terms and phrases, without accompanying facts. (Compl., ECF No. 1 at 5.)  Plaintiff also referenced a patent that he claimed was issued by the United States Patent

Office on May 2, 2017. (Id. at 8.) He claimed the "patent delay and interference" has caused a delay in the mass production of a product that could impact the "opioid problem." (Id.) He alleged that various credit bureaus made an error on his credit report that damaged him. (Compl., ECF No. 1 at 9.) He also alleged he incurred various injuries, such as harassment, intimidation, and bullying at Defendant Galleria Club Lane Apartments. (Id. at 9.) He sought damages and restraining orders to keep "all offenders" from his family and property. (Id. at 8.)

On December 14, 2017, the court issued an order directing Plaintiff to bring the case into proper form for the issuance and service of process by filing a properly completed summons form. (ECF No. 7.) The order warned Plaintiff that his failure to comply with the order within the time permitted would subject his case to dismissal for failure to prosecute and for failure to comply with an order of the court under Federal Rule of Civil Procedure 41. (Id. at 1-2.) The court also issued an order warning Plaintiff that the Complaint was subject to summary dismissal because it was frivolous, and providing Plaintiff the opportunity to file an amended complaint to correct the deficiencies identified by the court. (ECF No. 8.) That order liberally construed the Complaint as asserting patent infringement claims and a claim under the Fair Credit Reporting Act, but found that the claims were frivolous because they lacked sufficient factual support. (Id. at 3-4.)

Plaintiff responded to the proper form order by filing proof of service forms, rather than a completed summons as the court instructed.[1] (ECF No. 20.) At this time, the case is still not in proper form for service of process because Plaintiff has failed to file a properly completed summons.

---

[1] The court had previously granted Plaintiff two extensions of time to comply with the order. (ECF Nos. 11 & 14.)



Plaintiff also filed an Amended Complaint and motion to amend with a proposed Second Amended Complaint. (ECF Nos. 17 & 23). In these new pleadings, Plaintiff indicates he is no longer pursuing a patent infringement claim, and he fails to provide sufficient factual matter to support his Fair Credit Reporting Act claim. Plaintiff also dropped most of the defendants, and the only remaining defendants are the State of South Carolina, State of North Carolina, Time Warner Cable, Galleria Club Lane Apartments, and the United States Government. The only defendants Plaintiff mentions in the body of the amended pleadings are Time Warner Cable and Galleria Club Lane Apartments, but Plaintiff does not provide any facts or allegations against them that resemble a legal claim for relief. (Am. Compl, ECF No. 17 at 7.; Mot. to Amend, ECF No. 23-1 at 6.) And he again provides lists of ways in which his rights have been violated, but they are mostly lists of constitutional and statutory provisions and other quasi-legal terms and phrases, without accompanying facts.

## II. Discussion

### A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings. The court possesses the inherent authority to review *pro se* pleadings to ensure that subject matter jurisdiction exists and that a case is not frivolous, even if the pleading is not subject to the prescreening provisions of 28 U.S.C. § 1915. See Mallard v. U.S. Dist. Court, 490 U.S. 296, 307-08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); Ross v. Baron, 493 F. App'x 405, 406 (4th Cir. 2012) (unpublished) ("[F]rivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the

filing fee has been paid . . . [and] because a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted.") (citations omitted); see also Fitzgerald v. First E. Seventh Street Tenants Corp., 221 F.3d 362, 364 (2d Cir. 2000) ("[D]istrict courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee[.]"); Ricketts v. Midwest Nat'l Bank, 874 F.2d 1177, 1181 (7th Cir. 1989) ("[A] district court's obligation to review its own jurisdiction is a matter that must be raised *sua sponte*, and it exists independent of the 'defenses' a party might either make or waive under the Federal Rules."); Franklin v. State of Or., State Welfare Div., 662 F.2d 1337, 1342 (9th Cir. 1981) (providing a judge may dismiss an action *sua sponte* for lack of subject matter jurisdiction without issuing a summons or following other procedural requirements).

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Iqbal, 556 U.S. at 684 (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

**B.  Analysis**

The court finds Plaintiff's Amended Complaint and proposed Second Amended Complaint are frivolous. The new pleadings lack factual coherence and fail to state any recognizable legal claim for relief against the named defendants. The new pleadings also fail to cure the deficiencies identified by the court in its December 14 order regarding amendment of the complaint. As the court

*PJG*

has already warned Plaintiff that his original pleading was frivolous, and because Plaintiff's amendment and proposed amendment to the pleading have not cured that deficiency, the court finds this action should be summarily dismissed for lack of subject matter jurisdiction. See Mallard, 490 U.S. at 307-08; Ross, 493 F. App'x at 406.

### C. Failure to prosecute or comply with an order of this court

Also, as indicated above, Plaintiff has failed to comply with the court's order to bring this action into proper form for the issuance and service of process. "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962). As well as inherent authority, a court may *sua sponte* dismiss a case for lack of prosecution under Federal Rule of Civil Procedure 41(b). Id. at 630. The United States Court of Appeals for the Fourth Circuit has held that a court should "ascertain (1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of a drawn out history of deliberately proceeding in a dilatory fashion, and (4) the existence of a sanction less drastic than dismissal." Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982) (internal quotation marks and citation omitted).

In the instant action, Plaintiff is proceeding *pro se*; therefore, he is solely responsible for his refusal to comply with the court's orders. Further, because Plaintiff has failed to fully comply with an order of this court, even after he was given two extensions of time to comply with the order, and in light of the frivolousness of Plaintiff's pleadings, it does not appear that any sanction less drastic than dismissal is available. Therefore, this case should also be dismissed pursuant to Federal Rule

Page 5 of 7

PJG

of Civil Procedure 41(b).  See Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989) (finding that dismissal of a suit did not constitute abuse of discretion where the plaintiff "failed to respond to a specific directive from the court").

**III.     Conclusion**

Based on the foregoing, the court recommends that this action be summarily dismissed without prejudice and without issuance and service of process.[2]

```
                                            _____
March 6, 2018                               Paige J. Gossett
Columbia, South Carolina                    UNITED STATES MAGISTRATE JUDGE
```

*Plaintiff's attention is directed to the important notice on the next page.*

---

[2] Also, Plaintiff's motion to amend (ECF No. 23) is denied as futile because it is friviolous, as explained herein.  See Johnson v. Oroweat Foods Co. 785 F.2d 503, 510 (4th Cir. 1986) ("Leave to amend, however, should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face.").

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).